IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YVONNE ROMAINE, *et al*. | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JKB-15-3507 |
| | | |
| BARACK OBAMA | * | |
| ARNOLD SCHWARZENEGGER | | |
| CAMILLE YARBROUGH | * | |
| MARSHA SMITH | | |
| MARGARET JUSTIN | * | |
| ANNDALE BANKS | | |
| SHARAYE ALEXANDER | * | |
| VIRGINIA ALEXANDER | | |
| DONDRIA GRUBAUSKI | * | |
| Defendants. | | |

\*\*\*\*\*

MEMORANDUM

On November 6, 2015, Yvonne Romaine filed a complaint on behalf of herself and children[1] invoking this court's federal question jurisdiction. Ms. Romaine complained that the defendants had slandered and stalked plaintiffs since 2001 and have placed "holds" on unspecified "judgments" entered in proceedings, some of which were 25 to 30 years old. Ms. Romaine further claimed that defendants "are collaborating with un-desirables," had

---

[1] To the extent that Ms. Romaine seeks relief on behalf of her children, she may not so do. "[N]on-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers v. Loudoun Cnty. Pub. Sch.,* 418 F.3d 395, 401 (4th Cir. 2005); *see e.g. Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir. 2002); *Navin v. Park Ridge Sch. Dist.,* 270 F.3d 1147, 1149 (7th Cir. 2001); *Devine v. Indian River County Sch. Bd.,* 121 F.3d 576, 581 (11th Cir. 1997); *Johns v. County of San Diego,* 114 F.3d 874, 877 (9th Cir. 1997); *Osei–Afriyie v. Med. Coll.,* 937 F.2d 876, 882–83 (3d Cir. 1991); *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir. 1986). This prohibition is designed to protect the interests of the minor or incompetent person from being compromised by one who lacks the legal training necessary to adequately protect him or her. It also recognizes that lay persons are not bound by the same ethical obligations placed upon lawyers. *See Brown v. Ortho Diagnostic Systems, Inc.*, 868 F. Supp. 168, 172 (E.D. Va. 1994).

compromised deceased family members' personal identifier information, and had informed drug operatives that plaintiffs stole their merchandise therefore placing plaintiffs at risk of harm. *See Romaine, et al. v. Obama, et al.,* Civil Action No. JFM-15-3411 (D. Md.). The complaint was subject to preliminary screening and summarily dismissed on November 12, 2015. *Id*. at ECF Nos. 3 & 4. Ms. Romaine refiled a copy of the aforementioned complaint on November 18, 2015.[2] It was instituted as the above-captioned action.

"[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004). The existence of subject matter jurisdiction depends upon the assertion of a substantial claim. *See Garraghty v. Virginia Retirement System,* 200 F. App'x 209, 211 (4th Cir. 2006)*; see also Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans,* 415 U.S. at 536–37 (internal quotation marks & citations omitted); *see also Davis v. Pak,* 856 F.2d 648, 651 (4th Cir. 1988) (federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless). Rule 12 authorizes the district court to dismiss a "patently insubstantial complaint…for want of subject-matter jurisdiction." *Neitzke v. Williams,* 490 U.S. 319, 327 n. 6 (1989); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

---

[2] The original November 6, 2015, date stamp is noted on the "new" complaint and accompanying indigency motion, which shall be granted. ECF Nos. 1 & 2 at p. 1.

must dismiss the action."). Furthermore, the court has an independent obligation to evaluate, *sua sponte,* its subject matter jurisdiction if it is in doubt. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 278 (1977); *see also Apple v. Glenn,* 183 F.3d 477, 479–80 (6th Cir. 1999) (finding that complaint may be dismissed *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

For reasons previously discussed, the re-filed complaint shall too be dismissed. As noted earlier, Ms. Romaine has failed to set out a claim entitling her to relief. The vague factual assertions and legal conclusions involving plaintiff's claims of slander, stalking, and impeding judgments against unidentified Maryland parties, the current U.S. President, and former Governor of California, are nonsensical. The allegations are "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised," and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). The document contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and shall be dismissed. Further, to the extent that Ms. Romaine seeks damages for alleged tortious personal injury, she has failed to meet the federal diversity of citizenship requirements under 28 U.S.C. § 1332.

Date: November 23, 2015                             _____/s/_____
                                                   James K. Bredar
                                                   United States District Judge